*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-352

JANUARY TERM, 2014

| | |
|---|---|
| In re S.B., Juvenile | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| | } Family Division |
| | } |
| | } DOCKET NO. 206-7-11 Cnjv |

Trial Judge: Michael S. Kupersmith

In the above-entitled cause, the Clerk will enter:

Father appeals termination of his parental rights to his daughter, S.B., born in January 2002. On appeal, father argues that he was denied effective assistance of counsel. We affirm.

The court found the following facts at termination. S.B. was adjudicated a child in need of care or supervision (CHINS) in August 2011, and custody was granted to the Department for Children and Families (DCF). This was not the first time that S.B. had come to DCF's attention. S.B. was previously declared CHINS in November 2002 based on abuse by mother's paramour. S.B. was subsequently returned to mother's custody and placed in residential settings between December 2008 and April 2010.

Father has had minimal contact with S.B. during her life. He was incarcerated one day before she was born in January 2002, after his probation was revoked and his underlying sentence for sexual assault on a minor was imposed. Father remained incarcerated until October 2008. Father has not seen S.B. since at least August 2009. There is an outstanding arrest warrant in Vermont for father for a cocaine possession charge. The warrant issued in April 2010, and father has not appeared in that matter.

In March 2011, S.B. was diagnosed with developmental trauma disorder and therapy was recommended. An attempt at reunification with mother in June 2011 was unsuccessful and caused severe regression in S.B.'s condition. Due to extreme behaviors, S.B. required intensive therapy and residential treatment. By November 2012, S.B. was making progress and her behavior was more manageable. She was placed in a therapeutic foster home in early 2013. By the time of the final hearing, S.B. was demonstrating improvement while under the care of her foster parents.

Since October 2010, DCF has made efforts to contact father. In January 2013, DCF reached father through his mother. He was living in another state. Father told DCF he could not parent S.B., but was interested in having her placed with his mother. After a monitored telephone call with father, S.B. told DCF she did not want any further contact with father. S.B.

explained that her only memory of her father was him hitting her with a belt. Father appeared by telephone for three hearings in this case.

DCF filed to terminate parental rights in October 2012. Mother's rights were terminated in May 2013. A hearing was held on the petition to terminate father's rights in June 2013. Father did not attend the termination-of-parental-rights (TPR) proceeding.

The court found that father is presently unfit to care for S.B. and will not be able to parent her within a reasonable period of time. He has not had contact with her for several years and has not participated in any services to prepare him for parenting her. The court concluded that it was in S.B.'s best interest to terminate father's parental rights given that he has no relationship with S.B., S.B. is well adjusted to her current home and community, and father will not be able to parent her within a reasonable period of time.

Father appeals. On appeal, he argues that he received ineffective assistance of counsel at the TPR hearing. This Court has not yet addressed whether a TPR decision may be challenged based on denial of effective assistance of counsel. See In re K.F., 2013 VT 39, ¶ 21. In a criminal proceeding, to demonstrate ineffective assistance of counsel the defendant must demonstrate that counsel's performance fell below the prevailing standard of competence and that the incompetence prejudiced the outcome of the proceeding. See id. (setting forth the standard for evaluating an ineffective-assistance-of-counsel claim in a criminal proceeding).

Father argues that the attorney's performance during the termination-of-parental-rights hearing was substandard. When DCF first filed to terminate father's parental rights, he was assigned counsel. Father's first two attorneys withdrew before his trial attorney was assigned in April 2013. At the termination hearing scheduled in April, father's attorney moved to withdraw, and the court denied the request, but continued father's hearing to allow father's attorney more time to prepare. The attorney represented father at the continued hearing, but father was not present. Father claims that his attorney's actions at trial were wholly inadequate. At the hearing, the attorney made a factual correction to an exhibit, made an objection, asked one question on cross-examination, and did not present any evidence. Father claims that this performance was so deficient as to be presumptively unreliable and prejudicial. See In re J.B., 159 Vt. 321, 327 (1992) (holding that juvenile in delinquency proceeding was denied effective assistance of counsel, and assuming prejudice where counsel failed to act as advocate).

We need not reach the question of whether an ineffective-assistance claim can be raised to challenge a TPR order because here, even assuming that such a claim can be raised, father has failed to demonstrate that he was denied effective assistance. The record does not support father's assertion that his attorney's actions were totally inadequate and essentially left him without any meaningful adversarial testing. The record reveals that counsel took actions to represent father's interests. The attorney sought a continuance at the April 2013 hearing to fully explore an avenue of defense on father's behalf. At the final hearing, the attorney made objections and asked a question during cross-examination. He was engaged in the issues being discussed. This performance contrasts to that of the attorney in In re J.B., who provided no meaningful consultation to his client. Therefore, we will not presume that father's interests were prejudiced by his attorney's performance.

Furthermore, father has failed to allege any prejudice to the proceedings caused by his attorney's performance. Although father claims his attorney's actions were inadequate, father

2

has not proffered what additional actions his attorney should have taken. Most importantly, father has not demonstrated how any additional actions his attorney could have taken would have affected the outcome of the proceeding. See In re K.F., 2013 VT 39, ¶¶ 27-28 (rejecting ineffective-assistance claim where parent could not demonstrate that alleged errors would have altered critical findings supporting termination of parental rights). The court's decision to terminate father's parental rights rested on its findings that father did not have any relationship with S.B., that he abandoned her, and that he will not be able to provide a home for her in a reasonable period of time. Father has not alleged any actions his attorney could have taken that would have impacted these critical findings. Therefore, there are no grounds to disturb the court's order terminating father's parental rights.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice